UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8721 CAS (RZx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | SOUTHWEST PAPER COMPANY, LLC V. HANSOL PAPER ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:)** DEFENDANTS' MOTION TO DISMISS CASE (Docket #15, filed November 13, 2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 17, 2012 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiff filed the instant action on October 11, 2012. Plaintiff's complaint alleges four claims for relief: (1) price discrimination under 15 U.S.C. § 13(a), (2) knowingly inducing or receiving discriminatory price under 15 U.S.C. § 13(f), (3) trademark infringement, and (4) trade dress infringement.

On November 13, 2012, defendants filed a motion to dismiss plaintiff's complaint, or in the alternative for a more definite statement, or in the alternative to stay the action pending the completion of related state court litigation. On November 26, 2012, plaintiff filed a notice of partial non-opposition and intent to amend complaint, an opposition to the motion to stay the action, and a request to cross examine Jean Pak, who submitted a declaration in support of defendants' motion to dismiss. On December 3, 2012, defendants filed a reply plaintiff's opposition and an objection to plaintiff's request to cross examine Jean Pak. The parties' motions are before the Court.

## II.   BACKGROUND

Plaintiff is a distributor of commodity coated paper products, and from 2007 to May 2012, plaintiff purchased paper from defendants Hansol Paper ("Hansol") and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8721 CAS (RZx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | SOUTHWEST PAPER COMPANY, LLC V. HANSOL PAPER ET AL. | | |

Global Fibres, Inc. ("Global"). Comp. ¶ 16. Plaintiff alleges that beginning in 2010, Hansol began selling commodity coated paper to plaintiff's competitors, including defendant 8 Net, Inc., at a 15% lower price than what they were charging plaintiff. Comp. ¶ 20. According to plaintiff, this price difference placed it at a material disadvantage, leading to lower sales and loss of market share. Comp. ¶¶ 21 – 23.

Additionally, in May 2012, Hansol and Global demanded that plaintiff return its inventory of commodity coated paper previously purchased from Hansol and Global. Comp. ¶ 48. This paper bore plaintiff's "Malibu Gloss" trademark. Comp. ¶ 49. Plaintiff alleges that it returned the paper pursuant to defendants' request, and that defendants resold the paper even though it bore plaintiff's trademark. Comp. ¶ 51.

On April 25, 2012, plaintiff filed a lawsuit in the Superior Court for the County of Los Angeles ("state lawsuit") against the defendants named in the instant action. Def. RJN, Dkt. #15, Ex. C. Plaintiff filed a first amended complaint ("State FAC") in the state lawsuit on July 11, 2012. Def. RJN, Dkt. #15, Ex. D. Plaintiff's State FAC contains factual allegations materially identical to those in the instant action, and also alleges causes of action for price discrimination under California Business & Professions Code §§ 17045, 17200 et seq. State FAC ¶¶ 22 – 32, 38 – 42.

### III. ANALYSIS

Defendants first ask this Court to stay the instant action under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), on the basis that plaintiff's state court lawsuit concerns the same alleged price discrimination as the instant action. The Court rejects this argument because there is exclusive federal jurisdiction over plaintiff's Robinson-Patman Act claim, and Ninth Circuit law "precludes Colorado River abstention where federal jurisdiction is exclusive." Legal Economic Evaluations, Inc. v. Metropolitan Life Ins. Co., 39 F.3d 951, 956 (9th Cir. 1994); Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813, 821 (9th Cir. 1982) ("The federal courts have exclusive jurisdiction over federal antitrust claims.").

Defendants also ask the Court to dismiss the claims against defendant Hansol for insufficient service of process. Defendants acknowledge that plaintiff submitted proof of service for Hansol showing that plaintiff served Eunice Na as the authorized agent to accept process for Hansol. According to a declaration from Eunice Na submitted by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8721 CAS (RZx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | SOUTHWEST PAPER COMPANY, LLC V. HANSOL PAPER ET AL. | | |

defendants, however, she is not authorized to accept service for Hansol, nor is she an employee or agent of Hansol.  Na Decl. ¶ 4 – 5.  Plaintiff has submitted no evidence or argument establishing that Eunice Na is authorized to accept service for Hansol, nor that she is an employee of Hansol.  Consequently, the Court dismisses the claims against Hansol without prejudice, subject to plaintiff properly serving process upon Hansol pursuant to Federal Rule of Civil Procedure 4.[1]

Finally, because plaintiff does not oppose defendants' motion to dismiss, the Court finds that the motion should be granted and that plaintiff should be granted leave to file an amended complaint.

## IV.   CONCLUSION

In accordance with the foregoing, plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.  The Court hereby accepts the first amended complaint, to be filed on December 13, 2012.

IT IS SO ORDERED.

|   |   |   |
|---|---|---|
|   | 00 : 00 |   |
| Initials of Preparer | CMJ |   |

---

[1] Because Jean Pak is not the individual mentioned in plaintiff's proof of service for Hansol Paper, plaintiff's request to cross-examine Jean Pak is hereby DENIED.